# The Fabian Goodman Co. Inc. v. Arthur W. Pusey et al., Appellant.

*Mechanics' liens—Contractors—Owners—Contract with—Right to file lien—Case for jury.*

On a sci. fa. sur mechanic's lien the case is for the jury and verdict for the plaintiff will be affirmed, where the issue is one of fact as to whether the materials for which the lien was filed were ordered by the contractor, and therefore comprehended within the original contract, or whether they were sold and delivered to the owner under an independent contract.

Argued November 14, 1924. Appeal, No. 228, Oct. T., 1924, by owner, from judgment of C. P. No. 4, Phila. Co., June T., 1923, No. 1169, in the case of The Fabian Goodman Co., Inc., v. Arthur W. Pusey, Owner and Frank Schlenzig, Contractor. Before ORLADY, P. J.,

FABIAN GOODMAN CO., Inc., *v.* PUSEY et al., Appel. 71

70, (1925).] Assignment of Error—Opinion of the Court.
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before McCULLEN, J.
The facts are stated in the opinion of the Superior
Court.
Verdict for plaintiff in the sum of $901.80, and judg-
ment thereon. Defendant appealed.

*Errors assigned* were, among others, various answers
to points, and refusal of motions for new trial and for
judgment non obstante veredicto.

*Paul Van Reed Miller,* and with him *Fred. Taylor
Pusey,* for appellant.

*John W. Frazier, Jr.,* and with him *Bertram G. Fra-
zier,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:
On June 15, 1923, the plaintiff, a subcontractor and
materialman, filed a mechanic's lien against the prop-
erty known as the Hotel Majestic in the City of Phila-
delphia, owned by Arthur W. Pusey, the appellant, and
naming Frank Schlenzig as the contractor, at whose
request the materials were supplied. To the scire facias
issued thereon, the owner filed an affidavit of defense
raising a single question: Whether or not the materials
delivered March 3, 1923, were delivered under the con-
tract of the plaintiff with the subcontractor, or under a
distinct and separate contract with the owner? It is
conceded that if the delivery on that date was under
a contract with the owner there can be no recovery, be-
cause the last delivery prior to that date was on De-
cember 11, 1922, a date more than six months prior to
the filing of the lien. The trial judge submitted the ques-
tion to the jury, which rendered a verdict for the plain-

tiff. From the judgment entered thereon we have this appeal.

In view of the conclusion which we have reached, we find it necessary to consider but one question: Was the appellant entitled to a directed verdict in his favor? The plaintiff's account of the transaction, taken from the testimony of its president, Oscar Fabian, is as follows: In 1922 Mr. Pusey was having certain alterations and repairs made at the Hotel Majestic. The contractor employed to furnish the materials and do the work was Schlenzig, who ordered the plumbing and heating fixtures from the plaintiff as and when he wanted them. The plaintiff delivered them at the hotel. The first delivery was made July 25, 1922, and subsequent deliveries were made rather continuously up to December 11, 1922, to the amount of $901.80, no part of which has been paid. Fabian went to see Pusey in September or October and complained that Schlenzig had paid nothing on account of material and supplies furnished. Pusey promised to pay Schlenzig and to see that he turned over to the plaintiffs the amount due them. The next interview Fabian had with Pusey was in December when Pusey told him that he wanted him to make the radiators larger and needed some intermediate sections. Schlenzig had already ordered the radiators but, said Fabian, "we would not fill the order because Mr. Schlenzig had not paid us for them, so we went to see Mr. Pusey about it......I told him that Mr. Schlenzig wanted the intermediate sections of radiators, bolts and slip nipples, and I told Mr. Pusey being he did not give us any money we would not deliver them to him unless we got the money ......we positively would not increase the account or ship them." Pusey called Fabian on the telephone in January, 1923, and wanted the radiation and Fabian said: "We will not give you this radiation Mr. Pusey, because we didn't get any money. We will deliver to Schlenzig and charge to you if you will agree to pay for them." Pusey said that was agreeable and to go ahead

and order the radiation. Following this Pusey wrote the plaintiff a letter dated January 18, 1923, stating, inter alia, "confirming our telephone conversation, you are authorized to ship the balance of the radiation with bolts, nipples, etc., as ordered by Mr. Schlenzig, at once to the Majestic Hotel and I will guarantee to pay you if Mr. Schlenzig does not do so." Following this letter, the plaintiff on January 19, 1923, sent Pusey an estimate in writing, stating, "we shall be pleased to furnish material as per memorandum below for the sum of $326.38. ......Please mail us your acceptance at once." On January 24, 1923, Pusey wrote the plaintiff: "Please ship material, as per your estimate of January 19, 1923, for $326.38 and charge same to me." The plaintiff sent the materials to Schlenzig and charged them to Mr. Pusey at the Majestic Hotel. This delivery was on March 3, 1923, and the material was paid for by Pusey on March 20, 1923. Fabian testified also, "we only sell to the fitter or plumber, we protect the trade, and Mr. Pusey only guaranteed payment—we didn't agree to sell to Pusey." Pusey testified that the materials delivered March 3, 1923, were delivered and paid for under a separate and distinct contract between him and the plaintiff; and that he did not merely guarantee payment by Schlenzig.

While there is abundant evidence to support Pusey's position, we are not convinced that the court could have taken the case from the jury. The materials delivered March 3, 1923, were originally ordered by Schlenzig. If they were delivered under the plaintiff's contract with him, the guarantee by Pusey did not prevent the filing of a mechanic's lien: Hinchman v. Lybrand, 14 S. & R. 31. The evidence was partly in writing and partly oral. If the jury believed from all of it that the plaintiff was merely unwilling to furnish further material under the contract with Schlenzig without a guarantee by Pusey and the arrangement with Pusey amounted only to a guarantee by him to pay if Schlenzig did not, then they

74 FABIAN GOODMAN CO., Inc., *v.* PUSEY et al., Appel.

were warranted in finding that the delivery of March 3d was under the original contract.  If the evidence satisfied them that the radiators were sold and delivered to Pusey under an independent contract, that delivery could not be tacked on to the original contract for the purpose of keeping alive the right to file a lien for material furnished under the original contract.  The question was properly submitted to the jury and the dismissal of the appellant's motion for judgment n. o. v. was right.

The judgment is affirmed.